UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

Kenneth G. Moxey,                                          Case No.: 12-74340-AST
                                                           Chapter 7
                              Debtor.
-------------------------------------------------------X
Kenneth Moxey,

                              Plaintiff,

        -against-

                                                           Adv. Pro. No.: 13-8108-AST
Robert L. Pryor, *et al*.                                  (consolidated)

                              Defendants.
-------------------------------------------------------X

## DECISION AND ORDER GRANTING MOTIONS TO DISMISS
## AND DENYING DEBTOR'S MOTIONS TO AMEND

As previously noted in this Court's Decision and Order Granting David A. Betron's

Motion to Dismiss (the "Betron Decision"), this consolidated litigation is a very broad ranging,

confusing and poorly framed lawsuit by debtor, Kenneth G. Moxey ("Debtor" or "Moxey"),

regarding his loss of real property located at 245 South First Street, Brooklyn, New York, 11211

(the "Property"). *In re Moxey*, Case No.12-74340, Adv. Pro. No. 13-810 (AST), 2014 WL

1820607 (Bankr. E.D.N.Y. May 7, 2014). *See also* Order Denying Motion for Remand entered

June 11, 2014 [13-8108 dkt item 109; 12-74340 dkt item 37; 13-08132 dkt item 38] Debtor has

filed a number of pleadings with this Court which include scandalous and spurious allegations,

for which no good faith basis appears to exist, and which include repetitive and overlapping

claims for relief which are simply not available at law or in equity.  Debtor has peppered the

Defendants with numerous pleadings. These pleadings allege, *inter alia*, violations of the Fair

Debt Collection Practices Act, fraud, conspiracy, civil rights violations, civil RICO claims, and

various criminal violations. Debtor has also alleged the involvement of Hon. Judge Joanna

1

Seybert, U.S.D.J., in a criminal conspiracy, and stated an intention to sue or seek criminal charges against the undersigned if any of the relief Debtor seeks is denied.

This Order addresses the following motions now pending before this Court:

Joint Motion to Dismiss Adversary Proceeding filed on December 6, 2013 and Corrected Joint Motion to Dismiss Adversary Proceeding filed on December 22, 2013,  by  Robert L. Pryor (the "Trustee"), MPJM Crush Holdings, LLC, Maaas Enterprises, LP, and V-Jama Holdings, LLC (collectively, "Crush" and the "Trustee-Crush Motions to Dismiss") [adv. 13-8108, dkt items 36, 37];

Motion to Dismiss Adversary Proceeding filed on December 9, 2013 by Tuthill Finance LP. (the "Tuthill Motion to Dismiss") [adv. 13-8108, dkt item 38]; and the various responses and oppositions to the Motions to Dismiss filed by Debtor [adv. 13-8108, dkt items 41, 56, and 146]; and

Debtor's Motion to Amend, seeking leave to file an amended complaint, along with the proposed amended complaint (the "Amended Complaint") [adv. 13-8108, dkt items 32, 33], by which Debtor seeks to add additional defendants: Alan Drezin, Jeffrey Wain, Pliny Syndications, LLC and Mario Prestigiacomo, along with Debtor's second Motion to Authorize Plaintiff to Amend Complaint and Order the Clerk of Court to Issue Summons for Jeffrey Wain, Pliny Syndications and Mario Prestigiacomo [dkt item 60], along with a Second Proposed Amended Complaint (the "Second Proposed Amended Complaint") [dkt item 62], as well as the more recent Motion to Leave to Amend filed on September 8, 2014, to which is attached an unnumbered Proposed Amended Complaint (the "Third Proposed Amended Complaint") [dkt item 138]  (collectively, the "Motions to Amend").

Numerous objections to the Motions to Amend have been filed by the Trustee, Crush and

other proposed additional defendants. [dkt items 36, 37, 38, 42 43, 44, 59, 67, 68, 69, 70, 72, 76 and 142].

For the reasons to follow, the Trustee-Crush Motions to Dismiss are granted, the Tuthill Motion to Dismiss is granted, and the balance of Debtor's Motions to Amend are denied.

### Background

### Pre-bankruptcy Events

The basic pre-bankruptcy chronology is as follows. Debtor purchased the Property sometime prior to May 25, 2007.[1]  On May 25, 2007, Tuthill Finance LP[2] ("Tuthill") loaned Debtor $480,000.00. Debtor signed a note for the $480,000.00 and gave Tuthill a mortgage on the Property to secure payment of the note (the "Note" and the "Mortgage").

In 2009, after Debtor defaulted under the terms of the note and mortgage, Tuthill commenced a foreclosure action against Debtor in the Supreme Court of Kings County, New York (the "State Court"), under index number 932/2009 (the "Foreclosure Action"). Debtor failed to answer Tuthill's summons and complaint. On or about April 1, 2010, Tuthill assigned the note, the mortgage, and the foreclosure action to MPJM Crush Holdings, LLC ("Crush"). Crush then moved to substitute itself as the plaintiff in the Foreclosure Action. Crush presented proof of the assignment before the State Court as required under New York law. Accordingly, the State Court granted Crush's motion for substitution. After validly being substituted as the plaintiff, Crush then continued the Foreclosure Action against Debtor and moved for a final judgment of foreclosure.

---

[1] While Debtor may or may not have ever resided at the Property, he did not reside there as of the time he filed bankruptcy in July 2012.

[2] Tuthill Finance LP is also referred to in various pleadings by Debtor as serving as the "Pretender Lender".

The State Court entered a default judgment in favor of Crush.  Debtor then moved to vacate this default, claiming that he was never served with the summons and complaint.  The State Court scheduled a traverse hearing on the issue of service and heard testimony from Debtor and from the process server, Betron.  After the hearing, the State Court issued a decision finding that service of process on Debtor was proper under New York law and denied Debtor's motion to vacate his default.  Debtor did not appeal from the decision denying his motion to vacate his default or move for reconsideration.

In June 18, 2012, the State Court granted Crush a final judgment of foreclosure and sale, and determined that Debtor owed Crush $757,811.78, plus interest of $320.82 a day from October 31, 2010, plus fees and costs (the "Foreclosure Judgment").  Debtor did not appeal from the Foreclosure Judgment or move for reconsideration.  After the State Court entered the Foreclosure Judgment, the foreclosure referee scheduled a sale of the Property.  Debtor then sought Chapter 7 bankruptcy protection in order to stay the foreclosure sale.

### The Bankruptcy Proceedings

On July 12, 2012 (the "Petition Date"), Debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition").  [main case no. 12-74340, dkt item 1]  In his Petition, Debtor scheduled a fee simple interest in the Property, but did not schedule it as his residence.[3]  Debtor valued the Property at $600,000.  [main case no. 12-74340, dkt item 1, Sch. "A"] Debtor's Petition indicates that the Property was encumbered by two liens totaling $757,000.00: a first mortgage held by Crush for $378,500.00; and a second mortgage held by Tuthill for $378,500.00.  [main case no. 12-74340, dkt item 1, Sch. "D"]  While the amounts Debtor scheduled are substantially less than the amounts set out in the Foreclosure Judgment,

---

[3] Debtor scheduled a property in Valley Stream, New York as his residence. [main case no. 12-74340, dkt item 1]

and while he listed two mortgage holders rather than one, Debtor's schedules demonstrate that there was no equity in the Property for the benefit of his bankruptcy estate.

On August 16, 2012, Robert L. Pryor was qualified as the permanent Chapter 7 Trustee of Debtor's bankruptcy case (the "Trustee").

On November 16, 2012, the Trustee filed a motion seeking this Court's approval of a stipulation authorizing the Trustee and Crush to enter into a sale agreement for the Property whereby Crush agreed to make an initial stalking horse offer of $600,000.00, subject to higher or better offers that might be received by the Trustee for the purchase of the Property (the "Settlement Motion").  [main case no. 12-74340, dkt item 19]  This agreement provided that, *inter alia*, if Crush was the successful purchaser, it would pay $18,000.00 to the Trustee for the benefit of unsecured creditors of this bankruptcy estate, as part of a carve-out from the first mortgage.

Debtor was properly served with the Settlement Motion and did not file an objection.

On December 11, 2012, this Court entered a Stipulation and Order granting the Settlement Motion (the "Approval Order").  [main case no. 12-74340, dkt item 22]  Debtor did not appeal the Approval Order.

The Trustee alleges that, on January 9, 2013, Crush executed an Assignment of Bid (the "Assignment of Bid"), whereby it assigned all of its rights, title, and interest in and to the Approval Order to Maaas Enterprises, LP and V-Jama Holdings, LLC (collectively, "Maaas and Jama").[4]  Thereafter, the Trustee closed the sale to Maaas and Jama, received all of the funds to

---

[4]  *See* The Trustee's Amended Motion to Dismiss or, in the Alternative, for Summary Judgment, filed August 14, 2013 [adv. 13-8108, dkt item 11].

be paid under the Approval Order, and executed a deed conveying the Property to Maaas and Jama.

***Debtor's Lawsuits***

On May 7 and May 8 of 2013, Debtor filed a summons and complaint, respectively, against, the Trustee, Crush, Tuthill, Maaas, Jama, Betron and Alan Drezin,[5] before the State Court, commencing an action bearing Index No. 8698/13 (the "Kings County Action") (the Trustee, Crush, Tuthill, Maaas, Jama and Betron are hereafter referred to as "Defendants"). [adv. 13-8108, dkt item 8, Exhibit "J"]

On July 10, 2013, Debtor filed a complaint (the "Trustee Action Complaint") with this Court commencing adversary proceeding 13-8108, entitled *Kenneth Moxey v. Robert L. Pryor* (the "Trustee Action").  The Trustee Action Complaint seeks "an order for the bankruptcy trustee to comply with the court's stipulation and order, and further seeking authorization from the court to sue the trustee, Robert L. Pryor."  [adv. 13-8108, dkt item 1]  Although the Trustee Action Complaint is at times rambling and difficult to dissect, it essentially seeks this Court's authority for Debtor to sue the Trustee for actions taken in his capacity as a trustee,[6] to hold the Trustee liable for his alleged sale of the Property for $44,0007 to Maaas and Jama, and to rescind the deed executed by the Trustee.

---

[5]  Debtor's May 8 complaint identified Alan Drezin ("Drezin") as the court-appointed receiver of rents for the Property. The Court has no evidence before it that Alan Drezin has ever been served with process.

[6]  Debtor failed to seek authorization from this Court to sue the Trustee prior to commencing the Kings County Action; this is a violation of the holding in *Barton v. Barbour*, 104 U.S. 126, 26 L. Ed. 672 (1881), and its progeny, which have historically come to be known as the *Barton* doctrine - "a party must first obtain leave of the bankruptcy court before it brings an action in another forum against a bankruptcy trustee for acts done in the truistee's official capacity".  *In re Am.Land Acquisition Corp.*, Case No. 12-76440 (AST), 2013 Bankr. LEXIS 2353, at *9, n.5 (Bankr. E.D.N.Y. June 10, 2013). Debtor commenced adversary proceeding 13-8108, seeking permission to sue the Trustee, after he had commenced the Kings County Action, but before the Trustee removed that action. As noted within, these two actions have now been consolidated.

7 This amount represents the total carve-out set aside by the secured creditors for the benefit of the bankruptcy

6

On July 12, 2013, the Trustee removed the Kings County Action to the United States District Court for the Eastern District of New York, by filing a Notice of Removal, thereby commencing civil case number 13cv4040, entitled *Kenneth G. Moxey v. Maaas Enterprises, LP, et al.*, (the "Removed Action"). [adv. 13-8132, dkt item 1, Exhibit "L"] Included in the papers filed in the Removed Action is a copy of the complaint filed by Debtor in the Kings County Action, which is also rambling and difficult to dissect, but which also alleges causes of action that appear to stem from the Trustee's sale of the Property. In the Notice of Removal, the Trustee alleged that the Removed Action and the Trustee Action appeared to involve similar underlying facts and circumstances.

On August 6, 2013, Hon. Joanna Seybert, United States District Court Judge for the Eastern District of New York, signed an order referring the Removed Action to this Court, whereupon it was assigned adversary case number 13-8132.

On August 22, 2013, Debtor filed a Motion for Remand of the Removed Action (the "Motion for Remand"), which was denied by Order Denying Motion for Remand entered June 11, 2014 (the "Remand Order"). [ dkt item 109] Debtor did not file an appeal from the Remand Order; rather, he has filed a second motion to remand [dkt item 140], which is being denied by separate order entered contemporaneously herewith.

Upon review of the pleadings then before this Court, it appeared that the Trustee Action and the Removed Action involved common questions of law and fact and that consolidation may be appropriate. *See* FED. R. BANK. P. 1001, 7042. Therefore, the Court entered an Order which, *inter alia*, directed the parties to appear before the undersigned on October 22, 2013 and show

---

estate.

cause why these two adversary proceedings should not be consolidated (the "October 22 Hearing").

Following the October 22 Hearing, the Court found cause to consolidate and, accordingly, entered an Order on October 29, 2013 which, *inter alia*, consolidated the Trustee Action and the Removed Action under adversary proceeding number 13-8108 (the "Consolidation Order").  [adv. 13-8108, dkt item 30]

The Consolidation Order further directed that on or before November 18, 2013, Debtor shall file and serve an amended complaint on all defendants, and that defendants shall file a responsive pleading on or before December 16, 2013.  However, in lieu of filing an amended complaint against the exact same defendants, Debtor filed his proposed First Amended Complaint seeking to (1) assert additional claims and/or restate claims against the original defendants in the Removed Action and the Trustee Action[8] and (2) to add additional defendants.[9]

On January 22, 2014, this Court issued an Order (the "Enlargement Order") in which the Court denied Debtor's request to add additional defendants at that juncture.  The Enlargement Order stated, *inter alia*, that the Court would consider Debtor's request to add additional defendants after ruling on the multiple pending motions to dismiss Debtor's claims, and granted Debtor's request to enlarge the time for him to respond to various the Motions to Dismiss.  [adv. 13-8108, dkt item 49]

On February 25, 2014, the Court held a pretrial conference at which Debtor and Defendants appeared. At this hearing, the Court questioned Debtor as to the evidence which

---

[8] While the original complaint in adversary 13-8132 also names Alan Drezin as a defendant, there is no evidence before the Court that he was served, and he has not made an appearance.

[9] The proposed additional defendants are Alan Drezin, Jeffrey Wain, Pliny Syndications, LLC and Mario Prestigiacomo, each of whom allegedly were involved in the Trustee's sale of the Property.

substantiated his serious allegations of fraud and civil and criminal conspiracy made against the

Defendants, and his allegations of breach of fiduciary duty made against the Trustee.  Debtor

was unable to articulate any factual basis for any of these allegations, and simply repeated

several times his plead allegation that Tuthill somehow split its original note and mortgage into

two parts and that was illegal.

Based upon the avalanche of pleadings filed by Debtor, on March 10, 2014, this Court,

*sua sponte*, entered the stay order, prohibiting Debtor from filing any further pleadings with this

Court for ninety (90) days, with limited exceptions, while this Court addressed the numerous

pleadings already pending (the "Stay Order").  [adv. 13-8108, dkt item 82]  Debtor appealed

from that Stay Order on March 18, 2014 [dkt item 87].   No decision has as yet been rendered by

the District Court with respect to that appeal.

On May 7, 2014, this Court entered its Order Granting the Betron Motion to Dismiss.

[13-08108, dkt item 100]   Debtor did not file an appeal from that Order.

While this litigation and this Court's consideration of the Motions to Dismiss have been

pending, Debtor has refused to appear for and be examined at his deposition as ordered by this

Court; that refusal is the subject of an order to be contemporaneously entered herewith.

On September 8, 2014, Debtor filed yet another Motion for Leave to Amend to which is

attached an unnumbered Proposed Amended Complaint (the "Third Proposed Amended

Complaint"). [dkt item 138]  Debtor now seeks to "drop the bankruptcy trustee, Robert L.

Pryor," and add as defendants: the law firm of Robinowitz, Cohlan, Dubrow & Doherty, LLP,

for Fair Debt Collection Practices Act violations; Wain, president of Tuthill; Pliny Syndications,

for aiding and abetting fraud; and Prestigiacomo, for impersonating an attorney.  [dkt item 138,

pp. 4-5]  Debtor seeks both discovery and legal relief in the Further Proposed Complaint, all

arising from the same genesis of operative facts outlined above concerning the Foreclosure Judgment and sale of the Property. Debtor makes broad ranging allegations of violations of state and federal law, allegations of conspiracies, breaches of contract, fraud upon the Kings County Court and fraud upon this Court. The Court has not yet acted on the newest Motion for Leave to Amend.

For purposes of the pending Motions to Dismiss, this Court treats the claims alleged by Debtor against the remaining defendants herein, being the Trustee, Crush, Maaas, Jama and Tuthill, to be those filed and sought to be filed as set out in the Complaint, the First Amended Complaint, the Second Proposed Amended Complaint, and the Third Proposed Amended Complaint.

### *Discussion*

### *Dismissal of Debtor's Claims Against the Trustee, Crush and Tuthill*

As to the Defendants as a group, Debtor has alleged, *inter alia*, fraud, conspiracy, civil rights violations, a civil RICO claim, violations of substantive and procedural due process, violations of his fifth amendment Constitutional rights, violation of rights under Title 42, §§ 1983- 1986, as well as criminal acts under various enumerated federal statutes including under Title 18 §§ 242 and 371, and Title 28, §§ 1510, 1951, 1952, 1341, 1343, as well as fraud and conspiracy. As to Tuthill and Crush, Debtor also alleges numerous violations of "Title 12, Code of Federal Regulations Section 226, Et. Seq." including RESPA violations, violations of Title 15 Section 1601 et seq., including Reg Z violations, violations of the Fair Debt Collection Practices Act, and slander of title under New York law. Debtor has inconsistently and improperly plead claims and causes of action in the various proposed complaints.

The Trustee, Crush and Tuthill base their requests for dismissal of this adversary proceeding on Rule 12(b)(6),[10] as incorporated by Bankruptcy Rule 7012. This Court has previously addressed the application of Rule 12(b) and the flexible plausible pleading standard established by the Supreme Court in several published decisions. *See In re Ippolito*, Case No. 12-70632, Adv. Pro. No. 12-8403 (AST), 2013 WL 828316, at *3-4 (Bankr. E.D.N.Y. Mar. 6, 2013)(discussing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) (pleading standard for a § 1983 claim) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007) (pleading standard for anti-trust conspiracy claim); *see also In re Int'l Tobacco Partners, Ltd.,* 462 B.R. 378, 385 (Bankr. E.D.N.Y. 2011); *In re Jones*, Case No. 10-77783, Adv Pro. No. 10-9033 (AST), 2011 WL 1549060, at *2-3 (Bankr. E.D.N.Y. Apr. 21, 2011); *In re Coletta*, 391 B.R. 691, 693-94 (Bankr. E.D.N.Y. 2008).

Under the U.S. Supreme Court's *Iqbal/Twombly* analysis, to survive a motion to dismiss, a complaint must contain sufficient factual matter, which, when accepted as true, is adequate to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the relief sought. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted" so as to create liability. *Iqbal*, 556 U.S. at 678. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557 (internal citations omitted).

---

[10]  Betron also sought dismissal based on Rule 12(b)(5) for insufficiency of service of process; this ground is moot based on this Court's granting of dismissal on Rule 12(b)(6) grounds.

Neither *Iqbal* nor *Twombly* departed from the standard that, in considering a Rule 12(b)(6) motion, a court is to accept as true all factual allegations in the Complaint and draw all inferences in favor of the plaintiff.  *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-56; *see also Cleveland v. Caplaw Enters*., 448 F.3d 518, 521 (2d Cir. 2006).  However, as the Supreme Court stated in *Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  Moreover, a court need not "accept as true a legal conclusion couched as a factual allegation," and "[d]etermining whether a complaint states a plausible claim for relief will [. . .] be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 678-79. (citing FED. R. CIV. P. 8(a)(2)).

When a complaint alleges fraud or mistake, it must also satisfy the heightened pleading requirements of Rule 9(b), made applicable here by FED. R. BANKR. P. 7009. *See* FED R. CIV. P. 9(b); *see American Express Travel Related Servs. Co. v. Heinen (In re Henein)*, 257 B.R. 702, 706 (E.D.N.Y. 2001).  Rule 9(b) requires that an allegation of fraud be pled with "particularity," including specific facts regarding "the alleged fraudulent statements, identity of the speaker, time and place of the statements, and nature of the misrepresentation."  *Id.* (citing *Acito v. IMCERA Group*, 47 F.3d 47, 51-52 (2d Cir. 1995)).  With respect to fraudulent intent, "state of mind can be 'averred generally,'" but the movant "must allege facts that give rise to a strong inference of fraudulent intent." *Id*. (internal citations omitted).

In deciding the Motions to Dismiss, this Court must limit its review to facts and allegations contained in the Complaint, documents incorporated into the Complaint by reference or attached as exhibits, and matters of which this Court may take judicial notice.  *Blue Tree Hotels, Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217

(2d Cir. 2004); *see also, Int'l Tobacco Partners, Ltd.,* 462 B.R. at 385 ("The Court may also

consider documents that are integral to the complaint in deciding a motion to dismiss").

Because Debtor's claims are so meandering, this Court will address them by groupings:

(1) those attacking the enforceability of the Note and Mortgage; (2) those attacking the

enforceability of the Approval Order; (3) those attacking the Trustee's implementation of the

Approval Order; (4) those alleging violations of Debtor's civil rights, including violations of his

constitutional rights; (5) Debtor's conspiracy allegations; (6) Debtor's claims of violations of

federal statutes; and (7) Debtor's requests for declaratory relief.

### 1. Debtor has failed to properly state a viable claim attacking the enforceability of the Note and Mortgage, and of the Foreclosure Judgment

Debtor's allegations against Crush and Tuthill all revolve around Debtor's claims

regarding the enforceability of the Note and Mortgage, and that the Defendants entered into a

conspiracy to fraudulently obtain the Foreclosure Judgment.  These claims lack  merit.  Tuthill's

and Crush's rights to enforce the Note and Mortgage and to foreclose against the Property have

been conclusively determined by the State Court after Debtor was given a full and fair

opportunity to litigate his rights in the Property. Debtor's claims are therefore, an impermissible

collateral attack on the State Court's Foreclosure Judgment.

Title 28, §1738, provides that state judicial proceedings "shall have the same full faith

and credit in every court within the United States ... as they have by law and usage in the courts

of such State ... from which they are taken." Bankruptcy courts are included within Section 1738

and therefore this Court must give preclusive effect to a default judgment to the same extent as a

court in the state of New York would. *Kelleran v. Andrijevic*, 825 F.2d 692, 694 (2d Cir. 1987).

Section 1738 "does not allow federal courts to employ their own rules of res judicata in

determining the effect of state judgments," rather the federal court must accept the state court judgment. *Meindl v. Genesys Pacific Technologies Incorporated (In re Genesys Data Technologies)*, 204 F.3d 124, 127 (4th Cir. 2000) (quoting *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481-82, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982)).

Under New York law, once a party defaults, the defaulting party cannot contest liability. *Kelleran,* 825 F.2d at 694 (citing *Amusement Business Underwriters v. American International Group*, 66 N.Y.2d 878, 498 N.Y.S.2d 760, 762, 489 N.E.2d 729, 731 (1985). As a federal court, a bankruptcy court can only "look behind" a state court judgment if it was procured by collusion or fraud, or if the state court lacked jurisdiction. *Kelleran*, 825 F.2d at 694. Even the submission of a fraudulent affidavit in the state court action does not constitute fraud as to justify a federal court vacating a state court judgment. *Genesys*, 204 F.3d at 130. Such fraud must be a fraud upon the court and not between the parties. *Id*. Courts narrowly construe fraud upon the court and limit it to fraud that affects the integrity of the court such as bribing the judge or tampering with a jury. *Id*.

Here, Debtor objected to entry of the default against him. He requested and was granted a traverse hearing to challenge the effectiveness of service of the Foreclosure Action. After an evidentiary hearing, the State Court denied Debtor's request to set aside his default. Debtor failed to appeal or seek reconsideration of this adverse ruling. The State Court proceeded to enter a Foreclosure Judgment; Debtor again failed to appeal or seek reconsideration of this adverse ruling.

Debtor has failed to satisfy his *Iqbal / Twombly* burden of pleading claims that meet the plausibility requirements for any claim that could serve as a basis for this Court to revisit the Foreclosure Judgment in a manner consistent with Title 28, §1738 based on fraud. While it is

difficult to ascertain the facts upon which Debtor would seek to establish his claim of fraud upon

the court, the Third Proposed Amended Complaint [at pp. 6, 8-9, 27] alleges:

> 31. In February of 2009 Tuthill Finance and Pliny Syndications commenced foreclosure proceedings against plaintiff's property, failed to serve plaintiff with a summons and complaint, but filed a bogus return of service with the court.

> 32. Tuthill Finance and Pliny Syndications engaged in a conspiracy with Mario Prestigiacomo to form a new corporation called MPJM Crush Holdings located in the home of Mario Prestigiacomo's Parents, then transferred the mortgage loan to the new entity for no consideration and induced the court to change the foreclosing parties from Tuthill Finance and Pliny Syndications to MPJM Crush Holdings.

> 33. After the complaint was filed but before the court entered judgment in favor of MPJM Crush Holdings, Mario Prestigiacomo twice appeared at plaintiffs office and demanded that plaintiff transferred title of the subject property over to him.

> 55. Tuthill Finance engaged in a conspiracy to divide the mortgage into fractions and sell the mortgage fractions before and during the foreclosure proceeding, then engaged in a conspiracy with Mario Prestigiacomo to form MPJM Crush Holdings and transferred the mortgage and continued the foreclosure action.

> 56. Tuthill Finance and Pliny Syndications engaged in a conspiracy to collect rent from the subject property, by filing an order to show cause and failing to serve plaintiff with the motion, in order to steal the rents.

> 57. The court appointed receiver of rents Alan Drezin, engaged in a conspiracy with his handpicked appointee Douglas Rosenberg to steal the rents collected from the subject property.

> 58. MPJM then assigned the bid at the closing table to MAAAS Enterprises which is located in Mario Prestigiacomo's Holmdel New Jersey home.

> 151. Tuthill Finance, and Pliny Syndication committed fraud upon the court and fraud upon plaintiff when they commenced the foreclosure action stating they are both the owners of the mortgage, when the mortgage had become an unsecured obligation and was unenforceable.

> 152. Tuthill Finance committed fraud upon the court and fraud upon plaintiff when they filed a motion to appoint a receiver in foreclosure, substituting the plaintiff and amend the caption because the mortgage had become an unsecured obligation after it was split up into fractions.

153. MPJM Crush Holdings committed fraud when they prosecuted the foreclosure against plaintiff, stating that they are in fact a true party of interest when the mortgage had become an unsecured obligation and rendered unenforceable.

154. MPJM Crush Holdings committed fraud upon the bankruptcy court when they submitted false documents and made false statements purporting to be the true party of interest.

The factual portion of these allegations, even if true, at most arise to a possible, but legally invalid, defense to foreclosure of the Note and Judgment, which Debtor waived by failing to contest the enforceability of the Note and Mortgage in the Foreclosure Action. These allegations do not rise to the level of fraud upon the court.

Debtor's attacks on the enforceability of the Note and Mortgage are also barred by the *Rooker–Feldman* doctrine, which bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005). "Underlying the *Rooker–Feldman* doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). *Rooker–Feldman* applies to cases satisfying a four part test: (1) the federal-court plaintiff lost in state court; (2) the plaintiff "must complain of injuries caused by a state-court judgment"; (3) the plaintiff "must invite [federal] court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the [federal] court proceedings commenced." *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (quoting *Hoblock*, 422 F.3d at 85).

*Rooker-Feldman* clearly applies to the instant case as Debtor lost in state court; Debtor is complaining of injuries allegedly caused by the Foreclosure Judgment which allegedly resulted

from the adverse outcome of the traverse hearing; Debtor is requesting that this Court review and set aside the Foreclosure Judgment; however, this Court lacks subject matter jurisdiction to consider any challenge to the Foreclosure Judgment.  *See In re 231 Fourth Avenue Lyceum, LLC*, 506 B.R. 196, 206-208 (Bankr. E.D.N.Y. 2014).

Therefore, Debtor has failed to properly state a viable claim attacking the enforceability of the Note and Mortgage, or of the Foreclosure Judgment, and all such claims are dismissed.

### 2. Debtor has failed to properly state a viable claim attacking the enforceability of the Approval Order

Debtor previously alleged that the Approval Order was "void because of conspiracy, racketeering and fraud upon the court, and that they violated federally protected rights."  Second Proposed Amended Complaint [at p. 37, ¶ 185].  It is unclear of Debtor is still alleging that the Approval Order is or was unenforceable:

> 218. Plaintiff suffered great and irreparable harm as a result of the unlawful and unconstitutional acts which occurred in the Kings County Supreme Court and the Bankruptcy Court of the Eastern District of New York.

Third Proposed Amended Complaint [at p. 42].

The right of the Trustee to sell the Property has been determined by this Court, and Debtor's attack thereon an impermissible collateral attack on the Approval Order.  *See Harris v. Rivera,* 454 U.S. 339, 348 n.21 (1981) ("[t]he strong interest in preserving the finality of judgments… as well as the interest in orderly trial procedure, must be overcome before collateral relief can be justified" ) (quoting *Henderson v. Kibbe*, 431 U.S. 145, 153, n.13 (1977)); *Kelleran v. Adrijevic*, 825 F.2d 692, 695 (2d Cir. 1987) ("Bankruptcy proceedings may not be used to re-litigate issues already resolved in a court of competent jurisdiction.").

While Debtor now says he seeks to drop the Trustee, Debtor has failed to plead a plausible claim to attack the Approval Order.  Therefore, Debtor has failed to properly state a

viable claim attacking the enforceability of the Approval Order, and all such claims are

dismissed.

### 3.   Debtor has failed to properly state a viable claim attacking the Trustee's implementation of the Approval Order

Debtor attacked the Trustee's conveyance of the Property by alleging:

106. The transfer is a conflict of interest and a violation of the bankruptcy court order dated December 11, 2012 that was signed by Judge Trust for two reasons; first, the bankruptcy Judge ordered the property to be sold to MPJM Crush Holdings for $625,000.00 or the highest bidder and paragraph# 15 of the order states that if MPJM is held in default, they will forfeit their $10,000.00 deposit to the bankruptcy estate of Kenneth Moxey.

Second Proposed Amended Complaint [at p. 20]

205. After plaintiff filed for bankruptcy, the trustee sold plaintiffs property in a non-arms length transaction to MAAAS Enterprises and V-JAMA Holdings for $44,000.00.

Third Proposed Amended Complaint [at p.40].

Debtor simply failed to properly plead a viable claim relating to the Trustee's

implementation of the Approval Order.  Therefore, Debtor has failed to properly state a viable

claim attacking the implementation of the Approval Order, and all such claims are dismissed.

### 4.   Debtor has failed to properly state a viable claim alleging violations of Debtor's civil rights, including violations of his constitutional rights.

Debtor previously alleged a civil rights violation, as follows:

274. David A. Betran, Tuthill Finance, Pliny Syndications and MPJM Crush Holdings directly and indirectly violated, aided and abetted the violations of plaintiff's civil and Constitutional rights under color of State law, and caused plaintiff to suffer great and irreparable personal and financial harm. By these acts they violated title 42 U.S.C. Sections 1983-1986.

Second Proposed Amended Complaint [at pp. 54-55].  Debtor also asserted a claim for

conspiracy to interfere with civil rights as follows:

276. David A. Betron, Tuthill Finance, Pliny Syndications, MPJM Crush Holdings, Alan Drezin and Richard Pryor violated title 42 U.S.C. Section 1985, by engaging in a conspiracy to violate plaintiff's Civil rights, and to aid and abet the violations, in the case of MPJM Crush Holdings v. Kenneth Moxey. The sequence of events in the Kings County Supreme Court and Federal bankruptcy Court of the Eastern District of New York clearly met the prima facie evidence of a conspiracy, the existence of which is a matter of fact to be determined by a jury, as in every matter of fact stated in this complaint.

Second Proposed Amended Complaint [at p. 55].

Debtor now alleges:

216. Tuthill Finance, Pliny Syndications, MPJM Crush Holdings, Mario Prestigiacomo, MAAAS Enterprises & V-JAMA Holdings violated title 42 U.S.C. Section 1985, by engaging in a conspiracy to violate plaintiffs Civil rights, and to aid and abet the violations, in the case of MPJM Crush Holdings v. Kenneth Moxey. The sequence of events in the Kings County Supreme Court and Federal bankruptcy Court of the Eastern District of New York clearly met the prima facie evidence of a conspiracy, the existence of which is a matter of fact to be determined by a jury, as in every matter of fact stated in this complaint.

Third Proposed Amended Complaint [at pp. 41-42].  Under either proposed complaint,

Debtor has failed to properly state a claim.

The Supreme Court has stated that a § 1983 claim under Title 42 has two elements: the plaintiff must allege (1) a deprivation of a federal right, and (2) that the person who deprived him of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *accord West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978).  Some courts and noted academic scholars have considered that there are at least four major elements of a § 1983 claim:

a.    Defendant is a "suable person";
b.    who acted under "color of state law";
c.    proximately causing;
d.    a deprivation of federally protected rights.

19

*See Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002) ((abrogated on other grounds by *Pleasant Grove City v. Summum*, 555 U.S. 460, 466 (2009)); *Hartman v. Moore*, 547 U.S. 250, 257 n.5 (2006) (plaintiff must plead and prove causation); *see also Hayden v. Nevada County*, 664 F.3d 770, 773 (8th Cir. 2012) (causation is essential element of §1983 claim); *See generally Schwartz, Section 1983 Litigation: Claims and Defenses*, Ch. 1 (4th ed. 2012). Debtor has not met his burden of pleading a claim that meets these four necessary elements of a § 1983 claim.

Finally, § 1983 does not itself create or establish any federally protected rights; rather, § 1983 authorizes the assertion of a claim for relief to enforce federal rights created by either the federal Constitution or, in some cases, by a federal statute other than § 1983. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Connor*, 490 U.S. 386, 393-394 (1989); *Chapman v. Houston W.R.O.*, 441 U.S. 600, 619 (1979); *Baker v. McCollan*, 443 U.S. 137, 144 (1979).

As to his conspiracy allegations, Debtor has failed to plead the alleged fraud with particularity as required by Federal Rule 9, including specific facts regarding the alleged fraudulent statements, identity of the speaker, time and place of the statements, and nature of the misrepresentation.

Debtor has simply failed to properly plead a viable civil rights claim or a conspiracy to interfere with civil rights claim. Therefore, Debtor has failed to properly state a viable claim alleging violation of his civil rights and constitutional rights, and all such claims are dismissed.

### 5.   Debtor has failed to properly state a viable claim of violations of federal statutes

Debtor previously alleged as count seventeen, the failure to prevent a civil rights violation, as count nineteen, the violation of constitutional due process rights and protections, as

count twenty, fraud, as count twenty-one, conspiracy, as count twenty-three, the violation of

constitutional due process, and as count twenty-six, and criminal acts under various enumerated

federal statutes.[11]  *See* Second Proposed Amended Complaint, ¶¶ 280-283, 293-295, 296-297,

298-300, 303-304, 310-311, respectively.

As part of Debtor's RICO claim under the Second Proposed Amended Complaint, he

alleged:

> 292. Defendants, a RICO enterprise, consisted of a group of individuals who were the
> process server, the pretender lender and the assignees, the court appointed receiver of
> rents,:  and the bankruptcy trustee and other persons not yet known. They acted in
> concert, misusing in a corrupt manner the office of the Kings County Clerk, the Kings
> County Supreme Court, and the Bankruptcy Court of the Eastern District of New York,
> as stated in this complaint. Government offices and courts have been recognized as RICO
> enterprises.

Second Proposed Amended Complaint [at p. 59].  Debtor no longer asserts a RICO conspiracy.

Instead, Debtor now references without specificity violations of federal law and the US

Constitution, as well as fraud on the court. Third Proposed Amended Complaint [at pp. 26-28].

Once again, Debtor has failed to satisfy the plausibility requirements under

*Iqbal/Twombly.*  Therefore, Debtor has failed to properly state a viable claim of violations of

federal statutes, and all such claims are dismissed.

### 6.  Debtor has failed to properly state any conspiracy claims

The Debtor has plead:

> 216. Tuthill Finance, Pliny Syndications, MPJM Crush Holdings, Mario Prestigiacomo,
> MAAAS Enterprises & V-JAMA Holdings violated title 42 U.S.C. Section 1985, by

---

[11]  Debtor lists:

Title 28 U.S.C. Section 242. Subjecting plaintiff to the deprivation of rights, privileges, and
immunities secured under the Constitution and laws of the United States.
Title 18 U.S.C. Section 1510 (preventing reporting of criminal acts);
Title 18 U.S.C. Section 1951(relating to interference with commerce);
Title 18 U.S.C. Section 1952 (relating to racketeering);
Title 18 U.S.C. Section 1341 (relating to mail fraud); and
Title 18 U.S.C. Section 1343 (relating to wire fraud).

engaging in a conspiracy to violate plaintiffs Civil rights, and to aid and abet the violations, in the case of MPJM Crush Holdings v. Kenneth Moxey. The sequence of events in the Kings County Supreme Court and Federal bankruptcy Court of the Eastern District of New York clearly met the prima facie evidence of a conspiracy, the existence of which is a matter of fact to be determined by a jury, as in every matter of fact stated in this complaint.

217. Tuthill Finance, Pliny Syndications, MPJM Crush holdings, Mario Prestigiacomo, MAAAS Enterprises & V-JAMA Holdings aided and abetted the conspiracy under title 18 U.S.C. Section 241 which is a conspiracy against the rights of citizens. (This statue states that if two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same, they shall be fined or imprisoned or both).

Third  Proposed Amended Complaint [at pp. 41-42].

Debtor, in a confusing manner, pleads these claims, along with numerous conspiracies,

such as:

3. The matters in controversy is the conspiracy by Tuthill Finance and its owner Jeffrey Wain to split the note and mortgage into fractions in violation of the mortgage contract with plaintiff, and the sale and or transfer of the ownership of 50% of the note and mortgage to Pliny Syndications in violation of title 12 U.S.C. Section 2601 because of their failure to notify plaintiff of the so called sale.

4.   Conspiracy to sell 50% of the note and mortgage to Pliny Syndications five weeks before Pliny was incorporated, and conspiracy to sell the remaining 50% of the note and mortgage to MPJM Crush Holdings and the recording of the bogus assignments with the Kings County clerk in violation of the New York penal law 175.35.

65. On or about February of 2009 Tuthill Finance and Pliny Syndications commenced foreclosure proceedings against the subject property.

66. As a direct result of the conspiracy and fraud, the court entered a judgment against Moxey.

Third Proposed Amended Complaint [at pp. 2, 10].

As to his conspiracy allegations, Debtor has failed to plead the alleged fraud with

"particularity" as required by the Federal Rules and Bankruptcy Rules, including specific facts

regarding the alleged fraudulent statements, identity of the speaker, time and place of the

statements, and nature of the misrepresentation.  *See Official Committee of Unsecured Creditors*

*of SMTK Expedite, Inv. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, Case No. 00 Civ. 8688

(WHP), 2002 U.S. Dist. LEXIS 3747, at *17-18 (S.D.N.Y. Mar. 6, 2002).  Again, Debtor's

allegations revolve around the mere fact that he was unsuccessful in state court and thereby

believes he is entitled to damages.

Once again, Debtor has failed to satisfy the plausibility requirements under

*Iqbal/Twombly.*  Therefore, Debtor has failed to properly state a viable conspiracy claim, and all

such claims are dismissed.

**7.  Debtor has failed to properly state a viable claim
for declaratory relief**

Debtor also requested declaratory relief under the federal Declaratory Judgment Act, 28

U.S.C. Section 2201, *et seq.,* previously alleging the following:

185. The orders and judgments rendered by Judge Bert A. Bunyan in the case of
MPJM Crush Holdings v. Kenneth Moxey, and the order rendered by Judge Alan S. Trust
on December 11, 2012 authorizing the bankruptcy trustee to sell plaintiff's property to
MPJM Crush Holdings or the highest bidder are void because of conspiracy,
racketeering and fraud upon the court, and that they violated federally protected
rights, including:

a. The full faith and credit clause in the Federal Constitution, and in the full faith and
credit statute, title 28 U.S.C. Section 1738.
b. The due process and equal protection clause of the Fourteenth Amendment.
c. Decisions of the U.S. Supreme Court as stated in this complaint.
d. That the holdings in the published decisions by Judge Bunyan, appointing a receiver in
foreclosure., substituting plaintiff and amending caption on August 20, 2010 violates
Federally protected rights and constitutes an unlawful and unconstitutional attack upon
the fundamental rights and protections guaranteed by the laws and Constitution of the
United States.
e. That the holdings in the published decisions by Judge Bunyan, entering a judgment of
foreclosure and sale against the subject property on June 18, 2012 in the sum of
$957,040.00 violates Federally protected rights and constitutes an unlawful and
unconstitutional attack upon the fundamental rights and protections guaranteed by the
laws and Constitution of the United States.
f. That the order authorizing the bankruptcy trustee to sell plaintiff's property to MPJM
Crush Holdings is void because of conspiracy, racketeering, conflicts of interest and

fraud upon the courts.

g. That the bankruptcy trustee is hereby ordered to transfer title of the subject property back to Kenneth Moxey, along with all the rents collected by MAAAS Enterprises and VJAMA Holdings and the matter is hereby referred to the United States Trustee for an investigation and prosecution of every alleged crime as required by law.

Second Proposed Amended Complaint [at pages 37-38]. In the Third Proposed Amended Complaint, Debtor only seeks:

46. Declaratory judgment to declare certain rights and legal obligation as stated in this action.

Debtor has simply plead that because he lost before the State Court, there must have been a conspiracy against him. Such pleadings do not come close to satisfying his *Iqbal / Twombly* burden. Therefore, Debtor has failed to properly state a viable claim for declaratory relief, and all such claims are dismissed.

### 8. Debtor has failed to properly state any other viable claim

This Court has carefully considered each of the claims the Debtor has pleaded and filed, whether allowed by this Court to be filed or as sought to be added by his multiple motions for leave to amend. Debtor consistently and continually failed to satisfy the plausibility requirements under *Iqbal/Twombly,* has failed to meet his heightened pleading burden under Rule 9, and has simply failed to allege any viable claim. All of Debtor's allegations, individually and in the aggregate, are nothing more than conclusory allegations of conduct that do not have a legal or logical nexus to the requested relief. *See e.g. In re Swift*, Case No. 94-10285, Adv. Pro. No. 12-1044 (CEC), 2014 Bankr. LEXIS 4622, at *12-13 (Bankr. E.D.N.Y. Nov. 3, 2014) (denying leave to amend complaint where alleged third party claims do not directly impact the res of the bankruptcy estate or the administration of the bankruptcy estate).

The record before this Court is clear that Debtor suffered no violation of procedural or substantive due process before the State Court or before this Court. Simply stated, Debtor failed

to take action to protect his claimed rights, and lost.  When Debtor challenged service of the Foreclosure Action, he received a hearing, he lost, and he did not appeal.  When the Trustee moved to sell the Property, Debtor did nothing in opposition, and did not appeal.  Stated simply, losing in litigation is not a violation of any state or federal common law right or statute.  Debtor has done precisely what *Iqbal* and *Twombly* were meant to avoid; a litigant making, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which, as the Supreme Court stated "do not suffice."  *Iqbal*, 556 U.S. at 678.

Finally, Debtor has failed to establish that he even has legal standing to challenge the Trustee's sale of the Property in this Court, since the bankruptcy estate, not Debtor, owned the Property upon his filing of this bankruptcy case, and by Debtor's own sworn schedules, the Property was worth less than the outstanding mortgages he listed.  Thus, under this scenario, there are no surplus monies available to the Debtor and as a result, Debtor lacks standing to challenge the sale of the Property.

*Conclusion*

Based on the above, it is therefore

**ORDERED**, that the  Trustee-Crush Motions to Dismiss and the Tuthill Motion to Dismiss are granted; and it is further

**ORDERED**, that all of Debtor's claims against Robert L. Pryor, Trustee, MPJM Crush Holdings, LLC, Maaas Enterprises, LP, and V-Jama Holdings, LLC, and Tuthill Finance contained in all of the Complaints are dismissed; and it is further

**ORDERED,** that Debtor's request for permission to sue Robert L. Pryor, Trustee is denied; and it is further

**ORDERED,** that Debtor's leave to amend to add Alan Drezin, Jeffrey Wain, Pliny Syndications, LLC and Mario Prestigiacomo and Robinowitz, Cohlan, Dubrow & Doherty, LLP, as defendants is denied; and it is further

**ORDERED**, that Debtor's request to "drop" the Trustee is denied as moot, as the Court has disposed of all of Debtor's claims against the Trustee; and it is further

**ORDERED**, that the Clerk of Court shall serve a copy of this Order on Debtor and counsel for each Defendant.



Dated: November 25, 2014
Central Islip, New York

_____
**Alan S. Trust**
**United States Bankruptcy Judge**